FILED
FILED: October 4, 2022
2022 Oct-05 AM 11:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

PROB 22
(Rev. 2/88)

# TRANSFER OF JURISDICTION

| | |
|---|---|
| DOCKET NUMBER *(Tran. Court)* | 5:20-CR-67-AKK-HNJ |
| DOCKET NUMBER *(Rec. Court)* | CR-22-453 (BMC) |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Lin Longjin<br>5612 8teh Avenue<br>Brooklyn, NY 11220 | Northern District of Alabama | Birmingham |

| NAME OF SENTENCING JUDGE |
|---|
| Honorable Abdul K. Kallon |

| DATES OF PROBATION/<br>SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | 02/11/2021 | 03/01/2022 |

| OFFENSE | | |
|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Wire Fraud | Count 1 |

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE _____ Northern _____ DISTRICT OF _____ Alabama _____

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the _____ Eastern District of New York _____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.* ***Collection of restitution will be retained by the sentencing district if the restitution has been ordered joint and several with any other defendant(s).***

**August 25, 2022**

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE _____ Eastern _____ DISTRICT OF _____ New York _____

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

Certified to be a true and
correct copy of the original
Sharon N. Harris
U.S. District Court
Northern District of Alabama
by: H Clark
Deputy Clerk

## Digitally signed by Brian M. Cogan

October 4, 2022

*Effective Date*          *United States District Judge*

# UNITED STATES DISTRICT COURT

Northern District of Alabama
Office of the Clerk
Room 140, 1729 5th Avenue North
Birmingham, Alabama 35203
(205) 278-1700

Sharon N. Harris, Clerk

October 5, 2022

TO:    Clerk Brenna B. Mahoney , U.S. District Court
       New York Eastern District - Brooklyn
       225 Cadman Plaza E.
       Brooklyn, NY 11201

                    In RE:  Transfer  of Supervision/Jurisdiction
                    USA v. Lin Longjin
                    Our Case No.  5:20-cr-00067-AKK-HNJ

Dear Sir/Madam:

        Pursuant to 18 U.S.C. § 3605, I am enclosing herewith copies of the order transferring jurisdiction of the subject probationer or supervised releasee and the pleadings in the above-styled case, which I hereby certify to be true copies of the originals on file in this office.

        Please acknowledge receipt on the enclosed copy of this letter.


                    Sincerely,

                    SHARON N. HARRIS, CLERK



                    By: /s/ K. Clark
                            Deputy Clerk

Enclosures: Financial Report

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of Alabama

UNITED STATES OF AMERICA

     v.                        Case Number  5:20-CR-67-AKK-HNJ

LIN LONGJIN

    Defendant.

### JUDGMENT IN A CRIMINAL CASE
#### (For Offenses Committed On or After November 1, 1987)

The defendant, LIN LONGJIN, was represented by Thomas J. Spina.

On the motion of the Government counts 2, 3, 4, 5, 6, 7, 8, 9, and 10 are dismissed.

The defendant pleaded guilty to count 1.  Accordingly, the defendant is adjudged guilty of the following count involving the indicated offense:

| Title & Section | Nature of Offense | Count Number |
|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Wire Fraud | 1 |

As pronounced on February 11, 2021, the defendant is sentenced as provided in pages 2 through 6 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count 1, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the  18th day of February 2021.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

Certified to be a true and
correct copy of the original
Sharon N. Harris
U.S. District Court
Northern District of Alabama

By
Deputy Clerk

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 6

Defendant:  LIN LONGJIN
Case Number:   5:20-CR-67-AKK-HNJ

**IMPRISONMENT**

        The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of TIME SERVED.  .

        The defendant is remanded to the custody of the United States Marshal.

**RETURN**

        I have executed this Judgment as follows:

_____
_____
_____
_____

        Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this Judgment.


                                    _____
                                              United States Marshal

                    By          _____
                                              Deputy Marshal

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Defendant:  LIN LONGJIN
Case Number:   5:20-CR-67-AKK-HNJ

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Two (2) years. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

### STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced (if placed on probation) or released from custody (if supervised release is ordered), unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3) You must not commit another federal, state, or local crime.
4) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers). Revocation of supervision is mandatory for possession of a firearm.
5) You must not unlawfully possess a controlled substance.
6) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. You must contribute to the cost of drug testing unless the probation officer determines you do not have the ability to do so. Based upon a court order entered during the period of supervision for good cause shown or resulting from a positive drug test or evidence of excessive use of alcohol, you shall be placed in the Substance Abuse Intervention Program (SAIP) (or comparable program in another district).
7) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
8) You must follow the instructions of the probation officer related to the conditions of supervision.
9) You must answer truthfully the questions asked by the probation officer.
10) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. (If you have been convicted of a crime of violence or a drug trafficking offense, the probation office is responsible for complying with the notice provisions of 18 U.S.C. § 4042(b) and (c) if you change your residence.)
11) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
12) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as the position or the job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
13) You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
14) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
15) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
16) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk, and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
17) You must fully and truthfully disclose financial information as requested by the probation officer related to the conditions of supervision. Financial information may include, but is not limited to, authorization for release of credit information, bank records, income tax returns, documentation of income and expenses, and other financial information regarding personal or business assets, debts, obligations, and/or agreements in which the defendant has a business involvement or financial interest.
18) You must support all dependents.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Continuation of Standard Conditions of Supervised Release

Judgment--Page 4 of 6

Defendant:  LIN LONGJIN
Case Number:  5:20-CR-67-AKK-HNJ

## CONTINUATION OF STANDARD CONDITIONS OF SUPERVISED RELEASE

19)    You must comply with the probation office's Policies and Procedures Concerning Court-Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case.  Further, you must notify the probation officer of any change in your economic circumstances that might affect your ability to pay a fine, restitution, or assessment fee.  If you become more than 60 days delinquent in payments of financial obligations, you may be: (a) required to attend a financial education or employment preparation program under the administrative supervision of the probation officer; (b) placed on home detention subject to location monitoring for a maximum period of 90 days under the administrative supervision of the probation officer (and you must pay the cost of monitoring unless the probation officer determines you do not have the ability to do so); and/or (c) placed in a community corrections center for up to 180 days under the administrative supervision of the probation officer (and you must pay the cost of subsistence unless the probation officer determines you do not have the ability to do so).

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 (cont'd) - Supervised Release

Judgment--Page 5 of 6

Defendant: LIN LONGJIN
Case Number: 5:20-CR-67-AKK-HNJ

**SPECIAL CONDITIONS OF SUPERVISION**

While the defendant is on supervised release pursuant to this Judgment:

1) You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.
2) Upon completion of the term of imprisonment, you shall be remanded to the custody of the U.S. Marshals Service for surrender to an authorized Bureau of Immigration & Customs Enforcement official for deportation proceedings in accordance with the Immigration and Nationality Act. If you are not deported, you must report to the U.S. Probation Office within 72 hours of your release from custody. If deported, (a) the term of supervision shall be non-reporting while you reside outside the United States, (b) you must not reenter the United States without the express permission of the Secretary of Homeland Security, and (c) should you re-enter the United States within the term of supervised release, you must report to the nearest U.S. Probation Office within 72 hours of arrival.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 6 - Restitution and Forfeiture

Judgment--Page 6 of 6

Defendant:  LIN LONGJIN
Case Number:  5:20-CR-67-AKK-HNJ

## RESTITUTION AND FORFEITURE

### RESTITUTION

The court, pursuant to the Victim and Witness Restitution Act, finds that the following is/are victim(s) of defendant's criminal conduct and has/have sustained loss in the indicated amounts and orders restitution by the defendant as follows:

| Name & address of payee(s) | Amount |
|---|---|
| L.G. | $30,000.00 |

Payments of restitution without interest are to be made to Clerk, U. S. District Court, for transfer to the payee(s).

Restitution is due and payable immediately.  Upon release from imprisonment, any remaining balance shall be paid in monthly payments during the period of supervision in accordance with the financial guidelines previously approved by the court for use in this district and administered by the probation office.  Payment is due in full no later than the end of defendant's term of supervision.  Payments made during the term of imprisonment, the term of supervision, or otherwise, do not preclude the government from using other assets or income of the defendant to satisfy this restitution obligation..

Pursuant to 18 U.S.C. § 3664 (i), all nonfederal victims must be paid before the United States is paid.  If there are multiple payees, any payment not made directly to a payee shall be divided proportionately among the payees named unless otherwise specified here:

**Note:  The victim's recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victim receives full restitution.**

### FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

See Final Order of Forfeiture (doc. 31).

**NOTE: The Court orders criminal forfeiture, and a separate Final Order of Forfeiture  issued. The Court strongly urges that any proceeds collected as a result of the Final Order of Forfeiture be applied toward the amount of restitution ordered in this case in accordance with the Attorney General's Guidelines and Procedures for Restoration of Forfeited Property to Crime Victims via Restitution in lieu of Remission.**

FILED

2020 Feb-25 AM 11:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

JET/CCL Mar. 2020
GJ# 5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
## <u>NORTHEASTERN DIVISION</u>

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) **No.** | |
| | ) | |
| **LIN LONGJIN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>INDICTMENT</u>

The Grand Jury Charges that:

### <u>INTRODUCTION</u>

1.    Walmart is a national retail store with locations in the Northern District of Alabama, including Store Number 3185 at 4226 Oakwood Avenue NW in Huntsville, Alabama (the "Oakwood Avenue Walmart") and a Walmart Neighborhood Market, Store Number 5925, at 2305 Jordan Lane SW Huntsville, Alabama (the "Jordan Lane Neighborhood Market").

2.    Among other products, Walmart sells pre-paid gift cards and debit cards, including Visa, MasterCard, and American Express cards, as well as iTunes, Steam, Nintendo, and Google Play prepaid cards, among others. Walmart provides point of sale "self-checkout" terminals that permit customers to purchase products using a credit card, debit card, or pre-paid gift card by swiping or scanning the card at the terminal's electronic payment system.

1

3.    The act of swiping or scanning the card to make a purchase results in an interstate wire transfer of financial information. The wire travels from the point of sale terminal at the Walmart location to servers located in Bentonville, Arkansas or Colorado Springs, Colorado, and then to First Data in Omaha, Nebraska, or Chandler, Arizona. First Data is the payment processor for Walmart. Once First Data confirms the payment information, its server then sends a wire communication through a Walmart server in Bentonville or Colorado Springs, which then routes the wire communication back to the originating Walmart store.

## COUNT ONE
### Conspiracy
### [18 U.S.C. § 371]

4.    The Grand Jury adopts and incorporates the allegations contained in paragraphs One through Three of this Indictment as if specifically stated herein.

5.    Beginning on a date unknown to the Grand Jury, and continuing thereafter up to at least February 18, 2020, in Madison County, within the Northern District of Alabama, and elsewhere, Defendant,

**LIN LONGJIN**,

and others both known and unknown to the Grand Jury, did knowingly and willfully conspire, combine, and agree to commit offenses against the United States, that is, to knowingly devise and intend to devise a scheme and artifice to defraud to obtain money and property belonging to others by means of materially false and fraudulent

pretenses, representations, and promises, by use of interstate wire communications and transmissions, in violation of Title 18, United States Code, Section 1343.

**OBJECT OF THE CONSPIRACY**

6.     It was the object of the conspiracy that LIN LONGJIN and others known and unknown to the Grand Jury would use fraudulently obtained Walmart gift cards to purchase other gift cards and prepaid debit cards at Walmart locations in Huntsville, within the Northern District of Alabama, and elsewhere.

**MANNER AND MEANS OF THE CONSPIRACY**

7.     In order to further the objects and goals of the conspiracy, LIN LONGJIN used the following manner and means, among others:

8.     LIN LONGJIN and others conspired to purchase various gift cards and prepaid debit cards from Walmart locations in the Northern District of Alabama using fraudulently obtained Walmart gift cards purchased by unsuspecting victims located across the United States.

9.     Victims were lured into the scheme in at least three known ways, including responding to a text message, responding to an email, or searching for financial services on the internet and requesting contact from a fraudulent website. Once these victims were contacted by members of the conspiracy, they were induced into purchasing prepaid Walmart gift cards using a number of different methods. In one scheme, the victims were told they could satisfy outstanding debts at a fraction

of the cost by sending Walmart gift cards as payment of their debts. In another scheme, the victim temporarily received funds in their bank account and then sent funds back to a member of the conspiracy in the form of Walmart gift cards. The funds deposited into their bank account were then discovered to be fraudulent, and the funds transfer was reversed. Other victims received an email that appeared to be from their supervisor at work that instructed the victim to purchase Walmart gift cards to be used by the supervisor at a business meeting. Once the gift cards were sent, the victim learned the email was fraudulent. These are just a few examples of schemes used to defraud victims that have been used by participants in the wire fraud scheme.

10.     For each of the schemes, the victims were instructed to provide the full Walmart gift card number to the participant in the conspiracy, either over the telephone or via a photograph of the gift card sent by text message. The Walmart gift card numbers were then transferred to other participants in the conspiracy, like Defendant LIN LONGJIN, to be used to purchase other prepaid debit cards and gift cards.

11.     It was part of the conspiracy that Defendant LIN LONGJIN would travel from New York or other states to Walmart locations in Alabama to purchase prepaid debit cards and gift cards. At these Alabama locations, LONGJIN used the

fraudulently obtained Walmart gift cards to purchase the prepaid debit cards or gift cards.

ACTS IN FURTHERANCE OF THE CONSPIRACY

12. In furtherance of the conspiracy and to effect its objects, the following overt acts, among others, were committed in the Northern District of Alabama and elsewhere:

a. On or about February 17, 2020, Defendant LIN LONGJIN traveled to the Oakwood Avenue Walmart in furtherance of the conspiracy.

b. On or about February 17, 2020, at the Oakwood Avenue Walmart, LONGJIN used fraudulently obtained Walmart gift cards to conduct at least three transactions at the self-checkout terminal. In the first transaction, LONGJIN purchased four $50 Nintendo gift cards, two $50 STEAM Gift cards, and two $100 iTunes gift cards, for a total transaction amount of $500. To fund the purchase, LONGJIN used three prepaid Walmart gift cards that had been fraudulently obtained, including at least one purchased by victim E.B. In a second transaction, LONGJIN purchased two $100 iTunes gift cards, two $50 STEAM gift cards, and four $50 Nintendo gift cards for a total transaction amount of $500. To fund the purchase, LONGJIN used three prepaid Walmart gift cards that had been fraudulently obtained, including at least one purchased by victim E.B. In a third transaction, LONGJIN purchased two $100 iTunes gift cards, two $50 STEAM

5

cards, and six $50 Nintendo gift cards for a total transaction amount of $600. To fund the purchase, LONGJIN used three prepaid Walmart gift cards that had been fraudulently obtained, including at least one purchased by victim L.G.

    c.   On or about February 17, 2020, LONGJIN traveled to the Jordan Lane Neighborhood Market in furtherance of the conspiracy.

    d.   On or about February 17, 2020, at the Jordan Lane Neighborhood Market, LONGJIN used fraudulently obtained Walmart gift cards to conduct at least two transactions at the self-checkout terminal. In the first transaction, LONGJIN purchased four $50 Nintendo gift cards, two $50 STEAM gift cards, and two $100 iTunes gift cards for a total transaction amount of $500. To fund the purchase, LONGJIN used one prepaid Walmart gift card that had been purchased by victim R.T.. In a second transaction, LONGJIN purchased two $100 iTunes gift cards, two $50 STEAM cards, and four $50 Nintendo gift cards for a total transaction amount of $500. To fund the purchase, LONGJIN used one prepaid Walmart gift card that had been purchased by victim R.T.

    e.   On or February 18, 2020, LONGJIN traveled to the Oakwood Avenue Walmart in furtherance of the conspiracy.

    f.   On or about February 18, 2020, at the Oakwood Avenue Walmart, LONGJIN used fraudulently obtained Walmart gift cards to conduct at least two transactions at the self-checkout terminal. In the first transaction, LONGJIN

purchased two $100 iTunes gift cards, two $50 STEAM cards, and four $50 Nintendo gift cards for a total transaction amount of $500. To fund the purchase, LONGJIN used one prepaid Walmart gift card that had been purchased by victim E.B. In a second transaction, LONGJIN purchased two $100 iTunes gift cards, two $50 STEAM cards, and four $50 Nintendo gift cards for a total transaction amount of $500. To fund the purchase, LONGJIN used one prepaid Walmart gift card that had been purchased by victim E.B.

g.      On February 18, 2020, LONGJIN traveled to the Jordan Lane Neighborhood Market in furtherance of the conspiracy.

h.      On February 18, 2020, at the Jordan Lane Neighborhood Market, LONGJIN used fraudulently obtained Walmart gift cards to conduct at least two transactions at the self-checkout terminal. In the first transaction, LONGJIN purchased two $100 iTunes gift cards, two $50 STEAM cards, and four $50 Nintendo gift cards for a total transaction amount of $500. To fund the purchase, LONGJIN used three prepaid Walmart gift cards that had been fraudulently obtained, including at least one purchased by victim E. B. In a second transaction, LONGJIN purchased two $100 iTunes gift cards, two $50 STEAM cards, and four $50 Nintendo gift cards for a total transaction amount of $500. To fund the purchase, LONGJIN used three prepaid Walmart gift cards that had been fraudulently obtained, including at least one purchased by victim E.B.

All in violation of Title 18, United States Code, Sections 371 and 2.

## COUNTS TWO through TEN
### Wire Fraud
### [18 U.S.C. § 1343]

13.     The Grand Jury adopts and incorporates paragraphs One through Twelve of the Indictment as if specifically stated herein.

### NATURE AND PURPOSE OF THE SCHEME TO DEFRAUD

14.     Beginning on a date uncertain, and continuing thereafter up to at least February 18, 2020, in the Northern District of Alabama and elsewhere, Defendant,

### LIN LONGJIN,

did knowingly and with intent to defraud, devise and intend to devise, and attempt to devise, a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises.

### THE SCHEME AND ARTIFICE

15.     It was part of the scheme and artifice to defraud that LONGJIN purchased prepaid debit cards and gift cards using Walmart Gift Cards that were fraudulently obtained.

16.     Victims were lured into purchasing prepaid Walmart gift cards using at least three known schemes, including responding to a text message, responding to an email, or searching for financial services on the internet and requesting contact from a fraudulent website. Once these victims were contacted by members of the

conspiracy, they were induced into purchasing prepaid Walmart gift cards using a number of different methods. In one scheme, the victims were told they could satisfy outstanding debts at a fraction of the cost by sending Walmart gift cards as payment of their debts. In another scheme, the victim temporarily received funds in their bank account and then sent funds back to a member of the conspiracy in the form of Walmart gift cards. The funds deposited into their bank account were then discovered to be fraudulent, and the funds transfer was reversed. Other victims received an email that appeared to be from their supervisor at work that instructed the victim to purchase Walmart gift cards to be used by the supervisor at a business meeting. Once the gift cards were sent, the victim learned the email was fraudulent. These are just a few examples of schemes used to defraud victims that were used by participants in the wire fraud scheme.

17.    For each of the schemes, including those used to entice victims to purchase gift cards that were used by LONGJIN, the victims were instructed to provide the full gift card number over the telephone or via a photograph sent by text message to the participant in the conspiracy. The Walmart gift card numbers were then transferred to other participants in the conspiracy, like Defendant LIN LONGJIN, to be used to purchase other prepaid debit cards and gift cards.

18.    Defendant LIN LONGJIN then traveled to multiple Walmart locations in Huntsville, Alabama. LONGJIN completed purchases at the self-checkout

terminals at these Walmart locations.

## THE WIRE COMMUNICATIONS

19.    On or about the dates listed below, each such date constituting a separate count of the Indictment, in the specified Walmart store located within the Northern District of Alabama, for the purpose of executing the above-described scheme and artifice, Defendant LIN LONGJIN transmitted and caused to be transmitted and attempted to transmit in interstate commerce, by means of a wire communication, certain signs, signals, and communications, that is, Defendant LIN LONGJIN caused an interstate wire communication between Alabama and another state to be made as described below, for each Count:

| COUNT | DATE | AMOUNT | LOCATION | DESCRIPTION |
|---|---|---|---|---|
| 2 | 02/17/2020 | $500 | Oakwood Avenue | Purchased four $50 Nintendo gift cards, two $50 STEAM Gift cards, and two $100 iTunes gift cards using fraudulently obtained Walmart gift cards |
| 3 | 02/17/2020 | $500 | Oakwood Avenue | Purchased two $100 iTunes gift cards, two $50 STEAM gift cards, and four $50 Nintendo gift cards using fraudulently obtained Walmart gift cards |
| 4 | 02/17/2020 | $500 | Oakwood Avenue | Purchased two $100 iTunes gift cards, two $50 STEAM cards, and six $50 Nintendo gift cards using fraudulently obtained Walmart gift cards |
| 5 | 02/17/2020 | $500 | Jordan Lane Neighborhood Market | Purchased four $50 Nintendo gift cards, two $50 STEAM gift cards, and two $100 iTunes gift cards |

| | | | | using fraudulently obtained Walmart gift cards |
|---|---|---|---|---|
| 6 | 02/17/2020 | $500 | Jordan Lane Neighborhood Market | Purchased two $100 iTunes gift cards, two $50 STEAM cards, and four $50 Nintendo gift cards using fraudulently obtained Walmart gift cards |
| 7 | 02/18/2020 | $500 | Oakwood Avenue | Purchased two $100 iTunes gift cards, two $50 STEAM cards, and four $50 Nintendo gift cards using a fraudulently obtained Walmart gift card |
| 8 | 02/18/2020 | $500 | Oakwood Avenue | Purchased two $100 iTunes gift cards, two $50 STEAM cards, and four $50 Nintendo gift cards using a fraudulently obtained Walmart gift card |
| 9 | 02/18/2020 | $500 | Jordan Lane Neighborhood Market | Purchased two $100 iTunes gift cards, two $50 STEAM cards, and four $50 Nintendo gift cards using fraudulently obtained Walmart gift cards |
| 10 | 2/18/2020 | $500 | Jordan Lane Neighborhood Market | Purchased two $100 iTunes gift cards, two $50 STEAM cards, and four $50 Nintendo gift cards using fraudulently obtained Walmart gift cards |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## NOTICE OF FORFEITURE

**[Forfeiture – 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A) and 28 U.S.C. § 2461(c)]**

1.      The allegations of Counts One through Ten of the Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant

to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A) and Title 28, United States Code, Section 2461(c).

2.      Pursuant to Rule 32.2(a) of the *Federal Rules of Criminal Procedure* and Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), Defendant,

**LIN LONGJIN**,

upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 371 and 1343 set forth in Counts One through Ten of this Indictment, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), any property, real or personal, that constitutes or is derived from, directly or indirectly, proceeds traceable to the commission of the said violations, including, but not limited to, the following:

## JUDGMENT FOR PROCEEDS

A sum of money equal to at least $115,000, in United States currency, representing the amount of gift cards and prepaid debit cards that were fraudulently obtained in connection with the offenses as alleged.

3.      If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

      a.      cannot be located upon the exercise of due diligence;
      b.      has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All in accordance with Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461, and Rule 32.2 of the *Federal Rules of Criminal Procedure.*

A TRUE BILL.

*/s/ electronic signature*
GRAND JURY FOREPERSON

JAY E. TOWN
United States Attorney

*/s/ electronic signature*
CATHERINE CROSBY LONG
Assistant United States Attorney



Certified to be a true and
correct copy of the original
Sharron N. Harris
U.S. District Court
Northern District of Alabama

By: *H Clark*
           Deputy Clerk

CLOSED,INTERPRETER

# U.S. District Court
## Northern District of Alabama (Northeastern)
## CRIMINAL DOCKET FOR CASE #: 5:20−cr−00067−AKK−HNJ−1
### *Internal Use Only*

Case title: USA v. Longjin

Magistrate judge case number: 5:20−mj−00044−JHE

Date Filed: 02/25/2020

Date Terminated: 02/18/2021

---

Assigned to: Judge Abdul K Kallon
Referred to: Magistrate Judge
Herman N Johnson, Jr

**Defendant (1)**

| | |
|---|---|
| **Lin Longjin**<br>*TERMINATED: 02/18/2021* | represented by **James McCauley Smith**<br>JAMES M. SMITH ATTORNEY AT LAW<br>P.O. Box 2207<br>Fairhope, AL 36533<br>256−800−4499<br>Fax: 251−279−0665<br>Email: jim.smith.lawyer@gmail.com<br>*TERMINATED: 03/11/2020*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment*<br><br>**Rebecca Ziwei Ding Lee**<br>DING−LEE LAW LLC<br>209 Joachim Street<br>Mobile, AL 36602<br>251−327−7321<br>Email: rding.dll@att.net<br>*TERMINATED: 08/26/2020*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained*<br><br>**Thomas J Spina**<br>FAWAL & SPINA<br>1330 21st Way South<br>Suite 200<br>Birmingham, AL 35205<br>205−939−1330<br>Fax: 205−933−0101<br>Email: tommy@tommyspina.com<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

**Pending Counts**

18:371−CONSPIRACY TO
DEFRAUD THE UNITED
STATES
(1)

**Highest Offense Level (Opening)**

**Disposition**

CBP TIME SERVED; SRT 24 mos w/ Spec Cond;
No Fine; Restitution Due; Forfeiture Ordered; AF
$100.00; Dft Remanded to Custody of USM

Felony

| Terminated Counts | Disposition |
|---|---|
| 18:1343−FRAUD BY WIRE, RADIO, OR TELEVISION (2−10) | Dismissed on Government Motion |

**Highest Offense Level (Terminated)**

Felony

| Complaints | Disposition |
|---|---|
| 18:1343.F | |

---

**Plaintiff**

**USA**  represented by  **Prim F. Escalona, US Attorney**
US ATTORNEY'S OFFICE
1801 4th Avenue North
Birmingham, AL 35203−2101
244−2001
Email: Caseview.ecf@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**US Probation**
UNITED STATES PROBATION OFFICE
Robert Vance Bldg.
1800 5th Avenue North
Birmingham, AL 35203
205−716−2900
Email: alnpdb_cmecf@alnp.uscourts.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**USM**
UNITED STATES MARSHAL
Hugo Black Courthouse, Room 240
1729 5th Avenue North
Birmingham, AL 35203
205−731−1712
Email: usms−aln−courts@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Catherine L Crosby**
US ATTORNEY'S OFFICE
1801 4th Avenue North
Birmingham, AL 35203
205−244−2001
Email: catherine.crosby@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Robin Beardsley Mark**
DOJ−USAO
420 North 20th Street, Suite 3400

Birmingham, AL 35203
205−458−5473
Email: rmark@burr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Thomas E Borton , IV**
US ATTORNEY'S OFFICE
1801 4th Avenue N
Birmingham, AL 35203−2101
205−244−2001
Fax: 205−244−2171
Email: Thomas.Borton@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/20/2020 | 1 | SEALED COMPLAINT as to Lin Longjin (1). (AVC) [5:20−mj−00044−JHE] (Entered: 02/20/2020) |
| 02/20/2020 | | Case unsealed as to Lin Longjin. (AVC) [5:20−mj−00044−JHE] (Entered: 02/20/2020) |
| 02/20/2020 | | Minute Entry for proceedings held before Magistrate Judge John H England, III:Attorney Appointment as to Lin Longjin held on 2/20/2020. CJA Attorney James M. Smith appointed. (AVC) [5:20−mj−00044−JHE] (Entered: 02/20/2020) |
| 02/21/2020 | | Arrest of Lin Longjin. (AVC) [5:20−mj−00044−JHE] (Entered: 02/21/2020) |
| 02/21/2020 | | Minute Entry for proceedings held before Magistrate Judge John H England, III:Initial Appearance as to Lin Longjin held on 2/21/2020; dft present, rights and charges explained; dft deemed eligible for ct apptd counsel; CJA Attorney, James Smith present and apptd; AUSA C. Long present; USPO L. Shepherd present; Mandarin Interpreter Wei Whitbeck present by phone; gov't seeks detention; det/prelim set for 2/25/2020 at 3 p.m.; dft remanded to the custody of USM; hrg adj. (AVC) [5:20−mj−00044−JHE] (Entered: 02/21/2020) |
| 02/21/2020 | 3 | **ORDER OF TEMPORARY DETENTION** as to Lin Longjin. Upon the motion of the United States, it is ORDERED that a detention/preliminary hearing is set for **Tuesday, February 25, 2020 at 3:00 p.m.** in Courtroom 3A at the Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, AL 35203 before the Honorable John H. England, III, United States Magistrate Judge. Pending this hearing, the defendant shall be held in custody by the U.S. Marshal and produced for the hearing. If the defendant intends to waive this hearing, defense counsel is DIRECTED to file a written waiver no later than one business day before the scheduled hearing. Signed by Magistrate Judge John H England, III on 2/21/2020. (AVC) [5:20−mj−00044−JHE] (Entered: 02/21/2020) |
| 02/25/2020 | 4 | INDICTMENT<br><br>**Please file all subsequent documents using the criminal case number assigned to this indictment.** as to Lin Longjin (1) count(s) 1, 2−10. (Attachments: # 1 signed sealed indictment) (SMH2, ) (Entered: 02/25/2020) |
| 02/25/2020 | 5 | **TEXT ORDER of DETENTION and FINDING OF PROBABLE CAUSE** as to Lin Longjin. On 2/25/20, the defendant having knowingly, intentionally and voluntarily waived his right to a detention hearing and detention was ordered, the defendant is hereby **DETAINED** pending resolution of the present matter. On the same day, the defendant requested a preliminary hearing and a preliminary hearing was set for. Prior to the hearing, an indictment was returned against the defendant and the preliminary hearing was cancelled. The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or |

| | | being held in custody pending appeal. He will be afforded a reasonable opportunity for private consultation with defense counsel. On order of any court of the United States or on request from an attorney for the government, the person in charge of the corrections facility where he is being housed shall deliver the defendant to the United States Marshal for the purpose of any appearance in connection with a court proceeding. Signed by Magistrate Judge John H England, III on 2/25/2020. (KBB) (Entered: 02/25/2020) |
|---|---|---|
| 02/25/2020 | | Minute Entry for proceedings held before Magistrate Judge John H England, III: IA/Arr as to Lin Longjin (1) Count 1,2−10 held on 2/25/2020; dft present w/apptd counsel, James M. Smith; AUSA R. Mark present; USPO L. Shepherd present; Interpreter Wei Whitbeck present by phone; dft served w/copy of the indictment; dft wvd rgd and entered a plea of NG; dfts wvd det/prelim hrg w/leave to revisit det at later date; dft remanded to the custody of USM; hrg adj. (Court Reporter Sabrina Lewis) (AVC) (Entered: 02/25/2020) |
| 03/03/2020 | 6 | SCHEDULING ORDER and NOTICE that certain deadlines and instructions apply as set out as to Lin Longjin. Signed by Magistrate Judge John H England, III on 3/3/2020. (AVC) (Entered: 03/03/2020) |
| 03/03/2020 | 7 | STANDING DISCOVERY ORDER with instructions and deadlines set out as to Lin Longjin. Signed by Magistrate Judge John H England, III on 3/3/2020. (AVC) (Entered: 03/03/2020) |
| 03/06/2020 | 8 | NOTICE OF ATTORNEY APPEARANCE: Thomas J Spina appearing for Lin Longjin (Spina, Thomas) (Entered: 03/06/2020) |
| 03/11/2020 | 9 | MOTION to Withdraw as Attorney by James M. Smith. by Lin Longjin. (Smith, James) (Entered: 03/11/2020) |
| 03/11/2020 | 10 | **TEXT ORDER** granting 9 Motion to Withdraw as Attorney. For good cause shown, James M Smith is withdrawn from this case as to Lin Longjin (1) because the defendant has retained counsel and said counsel has entered a notice of appearance. Signed by Magistrate Judge John H England, III on 3/11/20. (England, John) (Entered: 03/11/2020) |
| 03/31/2020 | | Case as to Lin Longjin Reassigned to Magistrate Judge Herman N Johnson, Jr. Magistrate Judge John H England, III no longer assigned to the case. (KWC, ) (Entered: 03/31/2020) |
| 04/09/2020 | 11 | Unopposed MOTION to Continue *and Incorporation Portions of the General Order* by USA as to Lin Longjin. (Attachments: # 1 Text of Proposed Order)(Long, Catherine) (Entered: 04/09/2020) |
| 04/10/2020 | 12 | ORDER dft as to Lin Longjin dft 11 Unopposed MOTION to Continue *and Incorporation Portions of the General Order*; This Court made an ends−of− justice finding in its General Order, and set forth the reasons for that finding; the Court adopts the General Order, its findings, and its reasons into the record of this case. Signed by Magistrate Judge Herman N Johnson, Jr on 4/9/2020. (KBB) (Entered: 04/10/2020) |
| 04/27/2020 | 13 | MOTION *to Extend Notification Deadline Due to the Covid−19 Pandemic* by Lin Longjin. (Spina, Thomas) (Entered: 04/27/2020) |
| 04/29/2020 | 14 | TEXT ORDER as to Lin Longjin. Telephonic Status Conference set for 5/5/2020 10:15 AM before the undersigned. Call−in information will be provided to the participants via email. Signed by Magistrate Judge Herman N Johnson, Jr on 4/29/20. (SHB, ) (Entered: 04/29/2020) |
| 05/01/2020 | 15 | ORDER as to dft Lin Longjin re 13 MOTION *to Extend Notification Deadline Due to the Covid−19 Pandemic*; Defendant Lin Longjins motion to extend the notification deadline 13 , is **DENIED AS MOOT** ; The status conference scheduled for Tuesday, May 5, 2020 at 10:15 a.m., is **CANCELED** ; This matter is scheduled for a Telephone Status Conference on 6/4/2020 at 9:00 AM before Magistrate Judge Herman N Johnson Jr. Signed by Magistrate Judge Herman N Johnson, Jr on 5/1/2020. (KBB) (Entered: 05/01/2020) |
| 06/02/2020 | 16 | MOTION Joint Status Report and Motion to Continue Teleconference by Lin Longjin. (Spina, Thomas) (Entered: 06/02/2020) |

| 06/03/2020 | 17 | ORDER granting 16 Motion to continue telephone conference as to Lin Longjin (1). The telephonic status conference scheduled for Thursday, June 4, 2020 at 9:00 a.m. is CANCELED, and will be reset by separate order. Signed by Magistrate Judge Herman N Johnson, Jr on 6/3/2020. (KWC, ) Modified on 6/3/2020 (KWC, ). (Entered: 06/03/2020) |
|---|---|---|
| 07/07/2020 | 18 | Unopposed MOTION to Continue *and for Speedy Trial Act Findings of Excludable Delay* by USA as to Lin Longjin. (Attachments: # 1 Text of Proposed Order Proposed Order)(Long, Catherine) (Entered: 07/07/2020) |
| 07/08/2020 | 19 | ORDER as to Lin Longjin (1)re 18 Motion to Continue ; This Court previously made an ends−of−justice finding in its General Order, and set forth the reasons for that finding; the Court finds that this case is due to be continued for a period of 45 days, and reserves the right to set forth any such additional findings in the future. Signed by Magistrate Judge Herman N Johnson, Jr on 7/8/2020. (KBB) (Entered: 07/08/2020) |
| 07/09/2020 | 20 | NOTICE OF ATTORNEY APPEARANCE: Rebecca Ziwei Ding Lee appearing for Lin Longjin (Ding Lee, Rebecca) (Entered: 07/09/2020) |
| 08/03/2020 | 21 | MOTION to Withdraw as counsel for Defendant Lin Longjin. (Ding Lee, Rebecca) Modified on 8/4/2020 (YMB). (Entered: 08/03/2020) |
| 08/26/2020 | 22 | ORDER as to dft Lin Longjin re 21 Motion to Withdraw as Attorney; The Plaintiff's Motion to Withdraw as to Rebecca Ding Lee, 21 , is **GRANTED** . Signed by Judge Abdul K Kallon on 8/26/2020. (KBB) (Entered: 08/26/2020) |
| 09/18/2020 | 23 | ORDER as to Lin Longjin with instructions as set out: Change of Plea Hearing set for 10/27/2020 at 10:30 AM by VTC (Zoom) before Judge Abdul K Kallon. Zoom call in information will be emailed to the parties. Signed by Judge Abdul K Kallon on 9/18/2020. (KSS) (Entered: 09/18/2020) |
| 09/18/2020 | 24 | NOTICE OF ATTORNEY APPEARANCE Robin Beardsley Mark appearing for USA. (Mark, Robin) (Entered: 09/18/2020) |
| 10/01/2020 | | NOTICE OF HEARING (CHANGING TIME ONLY) as to Lin Longjin Change of Plea Hearing set for 10/27/2020 at 11:00 AM before Judge Abdul K Kallon. Zoom call in information will be emailed to the parties. (KSS) (Entered: 10/01/2020) |
| 10/23/2020 | 25 | PLEA AGREEMENT as to Lin Longjin (Mark, Robin) (Entered: 10/23/2020) |
| 10/26/2020 | 26 | GUILTY PLEA ADVICE OF RIGHTS CERTIFICATION by Lin Longjin (Spina, Thomas) (Entered: 10/26/2020) |
| 10/27/2020 | | Minute Entry for proceedings held before Judge Abdul K Kallon:Change of Plea Hearing as to Lin Longjin held on 10/27/2020 by VTC (Zoom). Dft consented and present by video. TIP Interpreter Wei Whitbeck present by video. GUILTY PLEA entered by Lin Longjin (1) Guilty as to Count 1. Court accepted plea and adjudged dft guilty as charged as to count 1 of the Indictment. Govt will move to dismiss remaining counts at sentencing. Dft remanded to custody of BOP. (Court Reporter Teresa Roberson) (KSS) (Entered: 10/27/2020) |
| 10/27/2020 | 27 | ORDER as to Lin Longjin with instructions as set out: Sentencing set for 2/12/2021 at 01:30 PM by VTC (Zoom) before Judge Abdul K Kallon. Zoom call in information will be emailed to the parties. Signed by Judge Abdul K Kallon on 10/27/2020. (KSS) (Entered: 10/27/2020) |
| 01/28/2021 | | NOTICE OF HEARING (CHANGING TIME ONLY) as to Lin Longjin Sentencing RESET for 2/12/2021 at 01:45 PM by VTC (Zoom) before Judge Abdul K Kallon. Zoom call in information will be emailed to the parties. (KSS) (Entered: 01/28/2021) |
| 02/04/2021 | 28 | NOTICE OF ATTORNEY APPEARANCE Thomas E Borton, IV appearing for USA. (Borton, Thomas) (Entered: 02/04/2021) |
| 02/04/2021 | 29 | MOTION for Final Order of Forfeiture by USA as to Lin Longjin. (Attachments: # 1 Text of Proposed Order)(Borton, Thomas) Modified on 2/4/2021 (KBB). (Entered: 02/04/2021) |
| 02/09/2021 | | NOTICE RESETTING HEARING as to Lin Longjin Sentencing previously set for 2/12/2021 is hereby RESET for 2/11/2021 at 11:15 AM by VTC (Zoom) before Judge |

| | | | |
|---|---|---|---|
| | | Abdul K Kallon. Zoom call in information will be emailed to the parties. (KSS) (Entered: 02/09/2021) |
| 02/09/2021 | 30 | SENTENCING MEMORANDUM AND REQUEST TO BE SENTENCED TO TIME SERVED AND NO SUPERVISED RELEASE by Lin Longjin (Spina, Thomas) Modified on 2/9/2021 (KBB). (Entered: 02/09/2021) |
| 02/11/2021 | | Minute Entry for proceedings held before Judge Abdul K Kallon:Sentencing held on 2/11/2021 for Lin Longjin. SENTENCE: CBP Time Served. SRT 2 years w/spec conds. ASMT fee $100.00 due immed. No fine imposed. Restitution in the amount of $139,455 w/o interest to victims outlined in PSR. Granting 29 Final Order of Forfeiture. Govt's Oral Motion to Dismiss Counts 2 through 10 filed−orally Granted−counts 2 through 10 Dismissed. TIP Interpreter Wei Whitbeck present. Dft remanded to custody of BOP. (Court Reporter Sabrina Lewis) (KSS) (Entered: 02/11/2021) |
| 02/11/2021 | 31 | FINAL ORDER OF FORFEITURE; granting 29 Motion for Forfeiture of Property as to Lin Longjin (1). Signed by Judge Abdul K Kallon on 2/11/2021. (KWC, ) (Entered: 02/11/2021) |
| 02/11/2021 | 32 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Lin Longjin (Attachments: # 1 Addendum)(KWC, ) (Entered: 02/11/2021) |
| 02/18/2021 | 33 | JUDGMENT as to dft Lin Longjin, Count 1, CBP TIME SERVED; SRT 24 mos w/ Spec Cond; No Fine; Restitution Due; Forfeiture Ordered; AF $100.00; Dft Remanded to Custody of USM; Counts 2−10, Dismissed on Government Motion. Signed by Judge Abdul K Kallon on 2/18/2021. (Attachments: # 1 (SEALED) Judgment) (MEB2) (Entered: 02/18/2021) |
| 02/18/2021 | 34 | Sealed Document − SOR as to dft Lin Longjin. (MEB2) (Entered: 02/18/2021) |
| 11/30/2021 | 35 | ***WITHDRAWN per doc 37 *** SEALED MOTION (KBB) Modified on 1/11/2022 (KWC, ). (Entered: 11/30/2021) |
| 11/30/2021 | 36 | TEXT ORDER terminating 35 Sealed Motion. Signed by Judge Abdul K Kallon on 11/30/2021. (KBB) (Entered: 11/30/2021) |
| 01/11/2022 | 37 | MOTION to Withdraw Document 35 SEALED MOTION by USP as to Lin Longjin. (KWC, ) (Entered: 01/11/2022) |
| 01/11/2022 | 38 | TEXT ORDER granting 37 Motion to Withdraw Document 35 as to Lin Longjin (1). Signed by Judge Abdul K Kallon on 1/11/2022. (KWC, ) (cert cy sent to USM) (Entered: 01/11/2022) |
| 10/05/2022 | 39 | Probation Jurisdiction Transferred to New York/Eastern District − Brooklyn as to Lin Longjin Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (Attachments: # 1 letter)(KWC, ) (Entered: 10/05/2022) |



Certified to be a true and correct copy of the original
Sharon N. Harris
U.S. District Court
Northern District of Alabama

By: /s/ Clark
Deputy Clerk